UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>LUIS PEREZ,<br>    *Defendant*. | No. 3:19-cr-00304 (JAM) |

**ORDER DENYING MOTION TO SUPPRESS**

    If a criminal defendant seeks to suppress evidence on the ground that the police violated the Fourth Amendment, he must show that the police violated his own Fourth Amendment rights, not the rights of someone else. The defendant in this case seeks suppression of a gun magazine, contending that the police unlawfully seized it from a Ziploc bag that a hospital provided for the defendant to store possessions while he was at the hospital's emergency room. But the defendant does not claim that he ever owned or possessed the magazine that was seized by the police. Nor does the defendant show that he had any conceivably reasonable expectation of privacy against the police seeing whatever items there were inside a clear Ziploc bag. Accordingly, I will deny the motion to suppress.

### BACKGROUND

    On December 11, 2019, a federal grand jury returned an indictment against defendant Luis Perez charging him under 18 U.S.C. § 922(g) with unlawful possession of a firearm and ammunition by a convicted felon. Doc. #1. The charge arises from an incident on July 19, 2019, when Perez allegedly went to the home of a woman he had previously dated and used the butt of a gun to hit a man whom he found there. Doc. #21 at 2. This assault resulted in a magazine

1

falling out of the gun and causing bullets and a spring from the magazine to scatter on the floor. *Ibid.*

Perez left the premises but then returned, and he managed to dislocate his knee when he tried to kick the door in. *Ibid.* So he went to the emergency room at Waterbury Hospital for treatment, accompanied by a woman whom the parties refer to by the initials "A.R." *Ibid.*

According to an affidavit submitted by Perez, while he was at the hospital "I knew that medical staff was about to take me for x-rays in another room, so I gave A.R. my cellular phone and key fob for safe keeping." Doc. #29-1 at 2 (¶ 9). The affidavit goes on to state that he "heard A.R. ask a nurse for a bag," and "[t]he nurse gave A.R. a bag." *Id.* (¶¶ 10-11). "A.R. put my phone, key fob and shirt into the bag." *Id.* at 2 (¶ 11). A.R. "also put her phone and keys into the bag." *Ibid.*

Perez's affidavit does not state that he gave A.R. a gun magazine or say anything about how a gun magazine ended up in the bag. Perez attests that the bag was a "clear" bag "about one-half the size of a plastic Stop and Shop shopping bag" with a "red sort-of-zipper similar to a Ziploc bag." *Id.* at 2-3 (¶ 15).

In the meantime, the police began an investigation at the scene of the altercation and found the broken gun parts and several bullets on the floor. Doc. #21 at 3. The police eventually went to the hospital where, according to Perez, they recovered a broken gun magazine from a search of the hospital bag. *Id.* at 5.[1]

Perez states that "for purposes of the motion to suppress," he "assumes that a magazine was seized from the hospital bag that contained an assortment of his and A.R.'s personal

---

[1] While at the hospital the police also conducted a search with the consent of A.R. of her car where they found a loaded Taurus handgun. Doc. #21 at 4. Perez does not seek suppression of the firearm recovered from A.R.'s car or the additional firearm-related evidence found at the apartment where the altercation took place.

belongings that was held by hospital staff at Waterbury Hospital." Doc. #21 at 5. On the other hand, he "does not admit that he possessed a firearm or the lone magazine" but contends that "if the Waterbury Police reports are to be credited, [p]olice conducted an unauthorized seizure and search of the bag containing his personal belongings that were 'checked' at the Waterbury Hospital." Doc. #21 at 5.

For its part, the Government denies that the gun magazine was seized at all from the hospital bag; instead, the Government contends that it was lawfully seized from Perez's pocket during a search-incident-to-arrest while he was at the hospital. Doc. #30 at 2. In reply, Perez does not dispute that, if the magazine was seized from his pocket, then it would have been lawfully seized incident to his arrest. Doc. #36; *see United States v. Robinson*, 414 U.S. 218, 235 (1973) (discussing search-incident-to-arrest exception to the Fourth Amendment warrant requirement). Perez nevertheless insists that the police reports are conflicting and that the magazine was seized from the hospital bag that was held by either A.R. or by hospital staff and that was outside the scope of a lawful search-incident-to-arrest. Doc. #36. Solely for purposes of this ruling, I will assume the truth of Perez's claim that the police seized the magazine from the hospital bag.

## DISCUSSION

The Fourth Amendment protects the right of the people "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. A "search" occurs for purposes of the Fourth Amendment if the police seek information by intruding on a person's reasonable expectation of privacy or by means of trespassing upon one's person, house, papers, or effects. *See United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020). A

3

"seizure" of personal property occurs for purposes of the Fourth Amendment if the police meaningfully interfere with an individual's possessory interests in that property. *Ibid.* [2]

When a defendant moves to suppress evidence, the initial burden rests on the defendant to show a factual basis for the motion. *See United States v. Ovalle*, 2019 WL 6255180, at *2 (D. Conn. 2019). An evidentiary hearing is required only "if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 77 (2d Cir. 2018).

For purposes of a motion to suppress, a criminal defendant may only obtain relief for a violation of his own Fourth Amendment rights, not the violation of the Fourth Amendment rights of anyone else. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted," and "it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the [exclusionary] rule's protections." *Rakas v. Illinois*, 439 U.S. 128, 133, 134 (1978); *see also United States v. Padilla*, 508 U.S. 77, 81 (1993) (*per curiam*) (same).

In *Rakas*, the Supreme Court considered whether the Fourth Amendment was violated with respect to the search by the police of a car in which two defendants were riding as passengers and where the police found rifle shells in the glove compartment and a rifle under a seat. *See* 439 U.S. at 130. Neither of the defendants was "the owner of the automobile and

---

[2] The parties' briefing proceeds on the basis of an obsoletely restrictive view of the Fourth Amendment to suggest that a "search" may occur only if the police invade a reasonable expectation of privacy. *See* Doc. #21 at 6; Doc. #30 at 3-4. They overlook more recent case law making clear that a "search" may sometimes occur even in the absence of any intrusion on a reasonable expectation of privacy if the police have otherwise trespassed on one's house, person, papers, or effects simply for the purpose of acquiring information. *See Field v. City of Hartford*, 2019 WL 4279011, at *7 n.7 (D. Conn. 2019); *United States v. Rico*, 2019 WL 4014826, at *16 (S.D.N.Y. 2019); *see also Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 65-66 (1992) (discussing how a claim for unlawful "seizure" under the Fourth Amendment does not require a showing of any reasonable expectation of privacy in the property seized).

neither has ever asserted that he owned the rifle or shells seized." *Id.* at 129. The Supreme Court held that the defendants had no Fourth Amendment rights to invoke against admission of this evidence because they "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized." *Id.* at 148.

*Rakas* requires the same result here. Perez does not state that he owned or possessed the gun magazine that he alleges the police recovered from the bag at the hospital. This dooms his Fourth Amendment claim. *See United States v. Smith*, 621 F.2d. 483, 487 (2d Cir. 1980) (no Fourth Amendment interest in suppression of property seized from trunk of car where "[b]oth [defendants] denied any ownership interest in the property seized from the trunk, and even argued they had no knowledge of any property in the trunk").

Perez has not claimed any ownership or possessory interest in the gun magazine despite the fact that he could have done so without fear that any such statement would later be used against him. *See United States v. Salvucci*, 448 U.S. 83, 88-90 (1980). And he has not done so despite seeking leave to file a supplemental memorandum and affidavit clarifying his version of what occurred. Docs. #27, #28. Having had a full and fair opportunity to set forth his version of facts that he believes warrants the suppression of evidence, it would be too late now for Perez to belatedly claim a property or possessory interest in the gun magazine that was seized. *See Rakas*, 439 U.S. at 424 n.1 (rejecting belated claim).

Not having claimed any property or possessory right in the gun magazine itself, Perez's only argument is that he had a reasonable expectation of privacy in the bag that stored his items at the hospital and that the police invaded this expectation of privacy in the course of seizing the gun magazine. But Perez concedes in his affidavit that the bag was "clear" and akin to a Ziploc plastic bag. Because the bag was transparent, Perez could not have had any reasonable

expectation of privacy against the police seeing that there was a gun magazine inside the bag. *See, e.g., United States v. Ramos*, 960 F.2d 1065, 1067 (D.C. Cir. 1992) (no reasonable expectation of privacy in a transparent plastic bag because the Fourth Amendment "provides protection to the owner of only a 'container that conceals its contents from plain view'") (quoting *United States v. Ross*, 456 U.S. 798, 822-23 (1982)); *see also United States v. Donnes*, 947 F.2d 1430, 1437 (10th Cir. 1991) ("when a container is 'not closed,' or 'transparent,' or when its 'distinctive configuration ... proclaims its contents,' the container supports no reasonable expectation of privacy and the contents can be said to be in plain view"); *State v. Wallace*, 910 P.2d 695, 718 (Haw. 1996) (clear plastic bags, "incapable of concealing contents from plain view, were virtual windows on their contents" for which there was no reasonable expectation of privacy) (cleaned up).

In light of the parties' focus on the recovery of the gun magazine at the hospital, I assume that the only item of evidence that the Government will seek to introduce at trial from the hospital bag is the gun magazine. It is not apparent how the phone, key fob, or shirt that Perez claims to own and that were put in the bag have any relevance to this prosecution. If, however, the Government intends to introduce at trial any of defendant's other personal property from the hospital bag (or to introduce evidence acquired as a result of the Government's examination of any such property), then the Government shall promptly advise defense counsel, and Perez may then renew the motion to suppress with respect to these items seized from the hospital bag and for which Perez actually claims a property or possessory interest that may possibly serve as the basis for a claim of unlawful search or seizure. *See supra* note 2 (discussing how a defendant may claim that a "search" or "seizure" occurred as a consequence of trespass on property not involving an invasion of reasonable expectation of privacy).

## CONCLUSION

For the reasons set forth above, the Court DENIES the motion to suppress (Doc. #20).

It is so ordered.

Dated at New Haven this 16th day of September 2020.

                                                  /s/ *Jeffrey Alker Meyer*
                                                  Jeffrey Alker Meyer
                                                  United States District Judge